Mr. Justice Merricic
delivered the opinion of the Court:
This is a motion for a new trial in the Criminal Court, certified by the justice to be heard here in the first instance upon alleged errors in the charge of the Court.
The testimony has not been sent up with the motion, and the only means we have of getting at its character is from the summary of the testimony given by the judge to the jury and recited in the charge itself. Under circumstances of this sort it is difficult to say how far a jury may or may not have been misled by one part of the charge, when another part of the charge is correct, since we have not the whole of the testimony before us and cannot say in what manner it influenced the minds of the jury.
In addition to that, the verdict found the accused guilty of murder; so that the life of a fellow-being is involved, and it will not do, under such circumstances for an appelate court to speculate as to whether or not the Court wrho tried the cause may or may not have misled the jury in any part of his instructions and charge. Under such circumstance^ if it appear that there has been an errroneous instruction in any of the rulings given by the Court to the jury, it would seem, out of tenderness to human life and the great regard which the law has to the most scrupulous administration of justice, and nothing more than justice, in such cases, that the question should be remanded for a second trial, and the Court above should not speculate at all *568 upon the possibility of the jury having been misled. It is its duty to infer that perhaps the jury may have been misled. The trial involving the life of a fellow-being should be above all exception.
In this case the justice at the trial certainly in many respects did lay down the rule properly,-correctly, exactly, discriminating between the law of homicide and manslaughter and the law of self-defense, and distinguishing in many parts of the charge what provocation would or would not reduce a case from the crime of murder, as averred, to the crime of manslaughter, as proved. Notwithstanding this, in a part of his charge he gave an instruction to them with very manifest emphasis, according to the terms of the instruction, which omitted several very essential elements of the definition which he elsewhere gave to the jury. I refer to that part of the charge which is in these words :
“And lastly, gentlemen, upon this subject I think it my duty to say to you that, even if Lucas began the controversy [Lucas was the name of the deceased], it was the duty of the defendant, Green, to do all he could reasonably to avoid and get out of the way of Lucas, by retreating, or otherwise, before he could justify himself in using a dangerous weapon even to, protect himself; and if he did not do what he reasonably could, by retreating, or otherwise, to get out of the way, but used the weapon which you shall find from the evidence to be a dangerous weapon — that is entirely for you — intending to take life or to inflict upon Mr. Lucas serious bodily harm, then he is guilty of murder,”
That part of the instruction seems to dwell with undue emphasis upon the effect of the use of a dangerous weapon, and ignores altogether the question of the heat of blood that may have been excited by the previous assault and conflict, as well as the question of the cooling time that may or may not have intervened after the assault and before the use of a deadly weapon. It confounds entirely the broad distinction between manslaughter and murder, *569 although a deadly weapon may have been used, where there has been an antecedent assault on the part of the deceased tending to arouse human passion beyond the control which the law requires to be exercised over our bad impulses. Manifestly, then, that part of the charge was erroneous, and it tended — it must have had a tendency — to aggravate in the minds of the jury, the judgment which they rendered upon the facts of the case, giving undue prominence to the use of the lethal, weapon, and dwarfing the consideration of the allowance which might have been made for passion engendered in the mind of the defendant in the conflict, between the parties, preceding that fatal act on his part.

For these reasons the case will be certified bach to the Criminal Court with instructions to aivard a new trial.